_[¿FOIL, J.
This is an appeal from a judgment in favor of a meter reading contractor against the City of Denham Springs, finding a breach of contract and awarding damages. On review, while we agree with the trial court on the issue of liability, we reverse its judgment awarding damages.
FACTS AND PROCEDURAL BACKGROUND
Meter Reading Specialists, Inc. (MRS), is an independent contractor whose employees read utility meters for different providers. MRS held the meter reading contract with the City of Denham Springs from 1977 until 1998. In 1992, the City drew up a more formal written contract than had been utilized previously. The new contract provided for a renewable two-year term. The City Council unanimously renewed the contract with MRS in 1994 and 1996, but decided to bid out the contract in 1998. Another company, Trey Enterprises, Inc., submitted the lowest bid, and the contract was awarded to Trey for the 1998-2000 contract period.
MRS filed suit in January 2001 based upon the 1998 contract awarded to Trey. The suit alleged a breach of contract based upon an alleged automatic renewal clause in the policy. Under the clause, the contract was automatically renewed every two years unless each party gave sixty days written notice to the other that the contract would not be renewed. MRS contended that the City did not provide the requisite written notice that it was exercising its option not to renew the contract.
The City contended it published in the local newspaper the Council minutes wherein it was announced that it would bid out the meter reading services. According to the City, MRS was aware that it was bidding out the contract as evidenced by the fact that it subsequently submitted a bid. The City argued that MRS cannot complain of not receiving proper notice when it participated in the bid process.
laFollowing a trial of the matter, the court ruled that MRS did not receive proper notice and awarded damages in the amount of $40,000. This appeal by the City followed.
*727 DISCUSSION
In its first assignment of error, the City urges that the trial court erred in finding that MRS did not receive adequate notice or, alternatively, in finding that the contract automatically renewed if no notice was given. In its third assignment, it argues the trial court’s decision puts at risk thousands of other agreements that require notice.
Here, following a trial, the court found that plaintiff did not receive the notice required by the contract. A court of appeal may not set aside a trial court’s finding of fact in the absence of manifest error. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). We find no such error in this case. Rather, we agree with the trial court on the issue of breach of contract.
The City has filed a peremptory exception of no cause of action with this court. It asserts that the grounds for the exception appear on the record in that MRS knew or should have known that its legal remedy lay in an injunction. Instead, after participating in the bid process, MRS waited two years after the contract was executed to file suit for breach of contract. The City claims that any cause of action MRS might have had lay during the bidding process. In opposition to the exception, MRS argues that this case does not involve the situation where an unsuccessful bidder wishes to obtain relief because of rejection of its bid. It asserts the public bid law does not pertain to this case; rather, this case involves breach of contract based on lack of proper notice. We agree and deny the exception of no cause of action.
Finally, the City asserts that the trial court erred in awarding $40,000 in damages without any supporting documentation. It also argues that the court erred in not finding that MRS waived any right to claim damages by ^failing to timely seek injunctive relief when the City could have taken corrective action.
In awarding damages in this matter, the trial court noted that while the City actively contested the issue of liability, it did not contest the issue of damages. Therefore, the court accepted the plaintiffs evidence of damages. At trial, MRS’ owner, Joe Carpenter, testified that his net profit would have been $20,000 per year under the contract, but no documentation was submitted to support this assertion. We find that the trial court erred in allowing recovery in this case without any supporting documentation, and reverse its judgment awarding damages.
CONCLUSION
For the reasons stated above, we agree with the trial court’s finding of liability against the City of Denham Springs based upon its breach of contract due to inadequate written notice. However, finding legally insufficient evidence, we reverse the trial court’s judgment awarding damages in the amount of $40,000. Costs of this appeal are assessed to plaintiff, Meter Reading Specialists, Inc.
REVERSED.
FITZSIMMONS, J., concurs in the result and assigns additional reasons.
FITZSIMMONS, J., agrees and assigns additional reasons.